

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| v. | : | Crim. A. No. 05-41-01-JJF |
| JENELLE RUIZ-MARTINEZ, | : | |
| Defendant. | : | |

### MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorneys, Colm F. Connolly, United States Attorney for the District of Delaware, and Adam Safwat, Assistant United States Attorney, and José Luis Ongay, Esquire, attorney for the defendant, JENELLE RUIZ-MARTINEZ, the following agreement is hereby entered into by the respective parties:

1.    The defendant agrees to plead guilty to Count I of the Indictment, charging her with conspiracy to distribute heroin, a violation of Title 21, United States Code, Sections 846 and 841(a)(1) and (b)(1)(C). The maximum penalty for Count I of the Indictment is 20 years imprisonment; a $1,000,000 fine; three (3) years supervised release following any term of imprisonment; and a $100 special assessment. The defendant understands that if she were to proceed to trial on Count I of the Indictment, the government would have to prove each of the following elements of the offense beyond a reasonable doubt:

**First:**    That two or more persons conspired, or agreed, to commit the crime of distribution of heroin; and

**Second:**    That the defendant knowingly and voluntarily joined the conspiracy.

2. The defendant knowingly, voluntarily, and intelligently admits that from on or about April 12, 2005, through April 16, 2005, she conspired with Ana Ramos to distribute heroin to drug dealers who, in turn, distribute heroin in Wilmington, Delaware. The defendant further knowingly, voluntarily, and intelligently admits that on April 16, 2005, in Philadelphia, she and Ana Ramos attempted to sell heroin to a person from Wilmington, and that in furtherance of this attempted sale, at least one telephone call was placed to Delaware by the defendant or her associates. The defendant further knowingly, voluntarily, and intelligently admits that she has sold heroin on previous occasions to this same person and has placed telephone calls to Delaware in furtherance of those sales.

3. The United States will recommend a three-level reduction in the base offense level for the defendant's affirmative acceptance of responsibility under U.S.S.G. § 3E1.1. The United States makes this recommendation because the defendant has timely notified the authorities of her intention to enter a plea of guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

4. The defendant understands that at sentencing, the District Court must consider the United States Sentencing Guidelines and take them into account in exercising its discretion to determine the appropriate sentence and must also consider the other factors bearing on an appropriate sentence pursuant to Title 18, United States Code, Section 3553(a). The defendant further understands that the Government will likely recommend that the Court impose a sentence consistent with the sentencing range set forth by the sentencing guidelines. The defendant recognizes that the final determination of the defendant's sentence will be made by the Court. The defendant further understands that the Court is not bound by any stipulations or

recommendations of the parties. The defendant agrees that she will not be allowed to withdraw her guilty plea because the Court calculates the guidelines differently than she expects, or imposes a sentence greater than what she expects, or imposes a sentence contrary to any stipulation of the parties or recommendation of her attorney.

5. The defendant agrees to pay the special assessment of $100 at the time of sentencing.

6. If the Court orders the payment of any special assessment or fine as part of the defendant's sentence, the defendant agrees to voluntarily enter the United States Bureau of Prisons administered program known as the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect a portion of the defendant's prison salary and apply it on the defendant's behalf to the payment of the outstanding debt ordered.

7. The parties reserve the right to defend the probation officer's findings at the sentencing hearing and to defend the Sentencing Court's rulings at any subsequent proceedings, including any appeal. The parties realize that the Court is not bound by any stipulations reached by the parties. However, if the Court decides not to follow any stipulation or recommendation in this Memorandum of Plea Agreement, or if the defendant does not receive the benefits she expects from any such stipulation or recommendation, the defendant may not withdraw her guilty plea.

8. It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the undersigned parties; that this

memorandum may be modified only in a written agreement executed by all the undersigned parties; and that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever.

|  |  |
|---|---|
| _____<br>José Luis Ongay, Esquire<br>Attorney for Defendant | COLM F. CONNOLLY<br>United States Attorney<br><br>By: _____<br>Adam Safwat<br>Assistant United States Attorney |
| _____<br>Lenelle Ruiz-Martinez<br>Defendant | Dated: June 22, 2005 |

\* \* \*

AND NOW this 22 day of June, 2005, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by the Court.

_____
The Honorable Joseph J. Farnan, Jr.
United States District Court
District of Delaware